IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TYRONE J. SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CV274 |
| | ) | |
| v. | ) | |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, a corporation, | ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on defendant's motion for summary judgment (Filing No. 38). Plaintiff, Tyrone Scott ("Scott"), contends that defendant, Union Pacific Railroad Company ("Union Pacific"), terminated his employment in violation of the Family and Medical Leave Act ("FMLA" or the "Act") and Nebraska public policy. Scott seeks reinstatement to his position as a train dispatcher and damages under the FMLA.

**DISCUSSION**

**I.  Scott's FMLA Claim**

Having reviewed the motion, the parties' briefs and evidentiary submissions, and the applicable law, the Court finds that there are genuine issues of fact as to whether Scott used FMLA leave for its intended purpose. *See Jennings v. Mid-American Energy Company*, 282 F. Supp.2d 954, 962 (S.D. Ia. 2003) (whether plaintiff is using FMLA leave time for it intended purpose presents question of fact for a jury). The determination as to whether Scott was engaging in activities that were inconsistent with his FMLA diagnosis is inextricably woven with credibility determinations that must reserved for trial.

Accordingly, the Court will deny Union Pacific's motion for summary judgment on Scott's FMLA claim.

**II.  Scott's Public Policy Claim**

Scott also contends that Union Pacific terminated him in "contravention to accepted public policy of the State of Nebraska."  (Scott Complaint ¶ 13).

"It is well established in Nebraska that when employment is not for a definite term, and there are no contractual or statutory restrictions upon the right to discharge, an employer may lawfully discharge an employee whenever and for whatever cause it chooses without incurring liability."  *Blair v. Physicians Mutual Ins. Co.*, 496 N.W.2d 483, 486 (Neb. 1993) (quoting *Johnston v. Panhandle Co-op Assn.*, 408 N.W.2d 261, 265 (Neb. 1987)).

The Nebraska Supreme Court, however, has recognized limited public policy exceptions to the at-will employment doctrine.  *Jackson v. Morris Communications Corp*. 657 N.W.2d 634, 636-37 (Neb. 2003).  "In determining whether a clear mandate of public policy [has been] violated courts should inquire whether the employer's conduct contravenes the letter or purpose of a constitutional, statutory, or regulatory provision or scheme."  *Schriner v. Meginnis Ford Co.*, 421 N.W.2d 755, 758 (Neb. 1988).

Scott alleges that Union Pacific terminated him for engaging in unionization discussions and thus violated his rights to free speech and assembly under the United States Constitution

(Plfs. Brief In Opp. at 24).[1]  Union Pacific argues that the First Amendment constitutional prohibitions do not apply because Union Pacific is a private, not public, employer.  The Court agrees with Union Pacific.  Private employers are legally incapable of violating employees First Amendment rights.  *See Manson v. Little Rock Newspapers, Inc.*, 200 F.3d 1172, 1173 (8th Cir. 2000) (private entity is legally incapable of violating First Amendment rights); *see also Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 820 (4th Cir. 2004) (First Amendment, as a matter of law, does not regulate the conduct of a private employer).  Therefore, the Court will grant Union Pacific's motion for summary judgment on Scott's public policy claim.  Accordingly,

IT IS ORDERED defendant Union Pacific's motion for summary judgment (Filing No. 38) is granted in part and denied in part.  Summary judgment is granted as to plaintiff's public policy claim and this claim is dismissed.  Summary judgment is denied as to the FMLA claim.

DATED this 14th day of November, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

[1] Scott has not alleged a violation of the Nebraska State Constitution or any other state statutory or regulatory provision.