IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TYRONE J. SCOTT, )<br>)<br>       Plaintiff, )<br>)<br>  v. )<br>)<br>UNION PACIFIC RAILROAD )<br>COMPANY, )<br>)<br>       Defendant. )<br>_____) | 8:04CV274<br><br><br><br><br>MEMORANDUM OPINION |

This matter is before the Court on defendant's motion for non-taxable costs and attorneys' fees (Filing No. 66), defendant's brief in support of its motion (Filing No. 67), and plaintiff's brief in opposition to defendant's motion (Filing No. 68).

In *Actors Equity Assoc. v. American Dinner Theatre Institute*, 802 F.2d 1038, 1041-1042 (8th Cir. 1986), the Court of Appeals for the Eighth Circuit held:

> The well-settled "American rule" on the payment of attorneys' fees in federal litigation is that, in the absence of a statute or an enforceable contract, each party is responsible for his or her own fees. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 257, 44 L.Ed.2d 141, 95 S.Ct. 1612 (1975). Over the years, however, courts have established limited exceptions to the rule. One such exception authorizes a federal court to award attorneys' fees to the prevailing party "when the losing party has 'acted in bad faith, vexatiously, wantonly, or

> for oppressive reasons.'" *Id.* at 258-59 (citations omitted).
>
> Crucial to the evaluation of the bad faith exception is the Supreme Court's admonition that the underlying rationale of fee-shifting is punishment of the wrongdoer rather than compensation of the victim. *Hall v. Cole*, 412 U.S. 1, 5, 36 L.Ed.2d 702, 93 S.Ct. 1943 (1973) . . . This rationale accounts for the stringency of the bad faith standard. . . . Accordingly, fee-shifting should occur "only when extraordinary circumstances or dominating reasons of fairness so demand." (Citations omitted.)

Having reviewed the contentions of the parties and the evidence in this case, the Court is satisfied that plaintiff's conduct does not rise to the level which would require or authorize this Court to award attorneys' fees and costs to the defendant.  For this reason, defendant's motion will be denied. A separate order will be entered in accordance with this memorandum opinion.

DATED this 25th day of January, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court